IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARIUS STRONG,
No. B-69424,

     Plaintiff,

vs.

Case No. 16–cv–1357-DRH

IDOC,
S.A. GODINEZ,
DONALD STOLWORTHY,
THOMAS A. SPILLER,
CAROL MCBRIDE,
MARCUS MYERS,
BART LIND,
DUSTIN BOWLES,
BILLIE W. GREER, and
MS. DONOVAN,

     Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Darius Strong, formerly an inmate in Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] Plaintiff's claims pertain to his loss of good conduct credit while housed at Pinckneyville which, according to the Complaint,

---

[1] With regard to Plaintiff's legal status at the time of filing, the Court notes the following: Plaintiff's Complaint was filed on December 16, 2016 (Doc. 1). The Complaint indicates that Plaintiff was released from IDOC custody on March 18, 2016. (Doc. 1, p. 7). Plaintiff's Complaint lists a residential mailing address and the envelope accompanying Plaintiff's Complaint lists the same residential mailing address. (Doc. 1, p. 1; Doc. 1-1). Plaintiff's Motion for Leave to Proceed IFP, also filed on December 16, 2016, states that Plaintiff is incarcerated and being held at Will County Adult Detention Center. (Doc. 2). A review of publically available records indicate that Plaintiff was detained and held at Will County Adult Detention Center between August 22, 2016 and October 2, 2016. *See* http://66.158.72.230/nwspublic/Corrections/InmateInquiry.aspx. Considering all of the above, the Court determines that Plaintiff was not incarcerated at the time of filing the instant Complaint.

wrongfully extended Plaintiff's incarceration by six months.[2]  Plaintiff was released from IDOC custody on March 18, 2016 and was not incarcerated at the time of filing.

Plaintiff filed a Motion and Affidavit to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") on December 16, 2016.  On May 9, 2017, the Court denied Plaintiff's IFP Motion, noting that Plaintiff's monthly income is $1,640.00 and that Plaintiff had $800.00 in his bank account at the time of filing.  Accordingly, the Court ordered Plaintiff to pay the filing fee no later than June 8, 2017.  The Court warned Plaintiff that noncompliance would result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).  A copy of the order was mailed to Plaintiff at the address on file with the Court.

The deadline for paying the full filing fee has now passed without any communication from Plaintiff.

The Court will not allow this matter to linger indefinitely.  This action is **DISMISSED** without prejudice for failure to comply with a court order and for want of prosecution.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, so the fee of $400.00 remains due and payable.

---

[2] Plaintiff lost 12 months of good conduct credits.  However, he claims that only 6 months were wrongfully revoked.

*See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: June 21, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.06.21 16:20:35 -05'00'

David R. Herndon
United States District Judge